UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIOLINDA PINTADO-GRANDA,<br><br>                                   Petitioner,<br><br>v.<br><br>PATRICK DIVVER, et al.,<br><br>                                   Respondents. | Case No.:  3:26-cv-3291-CAB-AHG<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 5]** |

Before the Court is Petitioner Diolinda Pintado-Granda's petition for a writ of habeas corpus.  [Doc. No. 1 ("Petition").]  For the following reasons, the Petition is **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Petitioner is a native of Peru who entered the United States without inspection and was detained by immigration authorities on October 24, 2025.  [Petition at 2; Doc. No. 4 at 2.]  On April 17, 2026, an immigration judge ("IJ") ordered Petitioner removed from the United States but granted her deferral of removal to Peru under the Convention Against Torture.  [Petition at 5; Doc. No. 4 at 2.]  Both parties reserved appeal of the IJ's order by May 18, 2026.  [Doc. No. 4 at 2.]  Neither party appealed so the removal order became final on May 19, 2026.  [Petition at 9; Doc. No. 4 at 3.]

Respondents have not identified a country other than Peru ("a third country") to effectuate Petitioner's removal from the United States.  [Petition at 5.]

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-cv-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

Petitioner asserts that her detention is unlawful under 8 C.F.R. §§ 241.4, 241.13, and the Supreme Court's decision in *Zadvydas v. Davis,* 533 U.S. 678 (2001).  [Petition at 9– 11.]   Respondents argue that Petitioner remains in the 90-day removal period under 8 U.S.C. § 1231(a)(1) and (2), which not only allows but requires detention, and that even after this period, *Zadvydas* permits an additional 90-day presumptively reasonable detention period.  [Doc. No. 4 at 2–4.]   Thus, the Petition is premature at least until November 19, 2026, when *Zadvydas'* six-month presumptively reasonable removal window will pass.  The Court agrees with Respondents.

Petitioner has the initial burden to show that she has experienced post-removal order detention for more than *Zadvydas'* six-month presumptively reasonable period of detention.  533 U.S. at 701.  Given that Petitioner has been in detention for less than two months following her final order of removal, Petitioner does not meet her burden.  *See Khalilova v. Smith*, No. 25-cv-2140 JLS-DDL, 2025 WL 3089522, at *3 (S.D. Cal. Nov.

3:26-cv-3291-CAB-AHG

5, 2025) (finding habeas petition was unripe for review where *Zadvydas* six-month period had not expired).

Similarly, Petitioner's regulatory claims are premature. Both 8 C.F.R. § 241.4(h)(1) and § 241.13 govern custody reviews and other determinations when detention has exceeded the removal period. Here, that has not yet occurred.

**IV.   CONCLUSION**

Accordingly, the Court **DENIES** Petitioner's application for a writ of habeas corpus **WITHOUT PREJUDICE.** If Petitioner remains in detention after the six-month presumptively reasonable window has passed, Petitioner may file an amended petition.

It is **SO ORDERED.**

Dated: July 6, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3

3:26-cv-3291-CAB-AHG